UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SITNET LLC,

                    Plaintiff,

v.

META PLATFORMS, INC.,

                    Defendant.

1:23-CV-06389 (AS)

**PROTECTIVE ORDER**

ARUN SUBRAMANIAN, U.S.D.J.

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing this action, it is therefore hereby:

    **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such material as consists of:

1

<ol start="2" style="list-style-type: lower-alpha">
</ol>

    a.     financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins) not previously disclosed to the public;

    b.     material relating to ownership or control of any non-public company not previously disclosed to the public;

    c.     business plans, product information, product development information, or marketing plans not previously disclosed to the public;

    d.     any information of a personal or intimate nature regarding any individual; or

    e.     any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential – Attorneys' Eyes only such material as consists of: extremely sensitive Confidential Information disclosure of which to another person would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4. The person producing any given Discovery Material may designate as "Highly Confidential – Source Code" only such material as consists of: extremely sensitive Confidential Information representing computer code and associated comments and revision histories and any detailed descriptions of software or algorithms similarly protected in the ordinary course of business, disclosure of which to another person would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5. With respect to Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion by stamping or otherwise clearly marking it as "Confidential," "Highly Confidential –

Attorneys' Eyes Only," or "Highly Confidential – Source Code" in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for such information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked with the appropriate confidentiality designation by the reporter.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code under the terms of this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f.    court reporters and their staff;

    g.    professional jury or trial consultants including mock jurors who have signed a confidentiality agreement;

    h.    vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided the vendor has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

    i.    the Court and its support personnel.

8.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

    a.    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    b.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    c.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and provided that the party retaining the expert or adviser follows the procedure set forth in Paragraph 11 herein before disclosing Highly Confidential – Attorneys' Eyes Only information to such person;

    d.    court reporters and their staff;

    e.    professional jury or trial consultants including mock jurors who have signed a confidentiality agreement;

    f.    vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, provided the vendor has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

    g.    the Court and its support personnel.

9.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Source Code to any other person whomsoever, except to:

    a.    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    b.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      c.     up to four persons retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided each such person (and each member of their support staff with access to Highly Confidential – Source Code documents, who shall not be counted among the four persons referenced in this paragraph) has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and provided that the party retaining the expert or adviser follows the procedure set forth in Paragraph 11 herein before disclosing Highly Confidential – Source Code information to such person;

      d.     court reporters and their staff;

      e.     professional jury or trial consultants; and

      f.     the Court and its support personnel.

10.    Any source code produced in discovery shall be made available for inspection at an office of the producing person's counsel or another mutually agreed upon location. The parties will address in a future stipulation procedures governing source-code inspection and production.

11.    A receiving party who seeks to disclose to a person retained to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action ("expert") any information or item that has been designated Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code pursuant to Paragraphs 8-9 must first make a written request to the producing party that: (a) sets forth the full name of the expert, (b) attaches a copy of the expert's current resume, (c) identifies the expert's current employers and each person or entity who has compensated the expert for work in their area of expertise

Case 1:23-cv-06883-ASS Document 456 Filed 01/11/24 Page 6 of 12

6

in the past five years, (d) identifies each case in connection with which the expert has offered expert testimony or opinions in the past five years, and (e) identifies any patents or patent applications in which the expert is identified as an inventor or applicant, which the expert is involved in prosecuting or maintaining, or in which the expert has a pecuniary interest. If the expert believes any of this information is subject to a confidentiality obligation to a third party, then the expert should provide whatever information they believe can be disclosed without violating a confidentiality agreement and disclose that information has been withheld.

12. A receiving party that makes a disclosure request and provides the information specified in Paragraph 11 may disclose the designated material to the expert unless, within 7 calendar days of delivering the request, they receive from the producing party a written objection. Any such objection must set forth in detail the grounds on which it is based. A receiving party that receives a timely written objection must meet and confer with the producing party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 calendar days of the written objection. If no agreement is reached, the receiving party seeking to make the disclosure to the expert may address the dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases. In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the material to its expert.

13. Absent written consent from the producing party, any individual bound by this agreement who receives access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code information shall not be involved in the prosecution of patents or patent

7

applications directed to crisis response, situational networking, projections in connection with multi-dimensional personal information networks, or targeted advertising software, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims including, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review), provided that the challenge or defense does not include amending of claims. This prosecution bar shall begin when access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code information is first received by the affected individual and shall end two (2) years after final termination of this action. For the avoidance of doubt, the "prosecution bar" established by this paragraph shall only extend to those individuals bound by this agreement who receive access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code information and shall not extend by imputation or otherwise to any other individual at that individual's law firm who has not received access to Highly Confidential – Attorneys' Eyes Only or Highly Confidential – Source Code information.

Case 1:23-cv-06339-ASS Document 561 Filed 01/10/24 Page 8 of 12

8

14. All Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code Discovery Material itself, and not text that in no material way reveals such Discovery Material

15. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

17. Each person who has access to Discovery Material that has been designated as Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code in this matter may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. A party receiving such material shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data. No material designated Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code may leave the territorial boundaries of the United States of America, in either physical or electronic form. The viewing of designated material through electronic means outside the territorial limits of the United States of America is prohibited. The restrictions contained within this paragraph may be amended through the express written consent of a producing party to the extent that the agreed-to procedures conform with applicable export control laws and regulations.

19. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

20. If a disclosing party makes a claim of inadvertent disclosure of privileged or work-product-protected information, the receiving party shall not thereafter review the information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the information, and provide a certification of counsel that all such information has been returned or destroyed.

21. Within five business days of the notification that the information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the information.

22. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

23. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the information inadvertently disclosed.

24. This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Highly Confidential – Source Code" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. The receiving party shall provide a certification of counsel that all such information has been returned or destroyed.

25. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Respectfully submitted,

| | |
|---|---|
| */s/ John Cook* | */s/ Kathryn Bi* |
| BARCLAY DAMON LLP | DAVIS POLK & WARDWELL LLP |
| Douglas J. Nash | Ashok Ramani (*pro hac vice*) |
| John D. Cook | 1600 El Camino Real |
| Denis J. Sullivan | Menlo Park, CA 94025 |
| Barclay Damon Tower | ashok.ramani@davispolk.com |
| 125 East Jefferson Street | |
| Syracuse, NY 13202 | Dana M. Seshens |
| dnash@barclaydamon.com | Kathryn Bi |
| jcook@barclaydamon.com | 450 Lexington Avenue |
| dsullivan@barclaydamon.com | New York, NY 10017 |
| | dana.seshens@davispolk.com |
| Naresh K. Kannan | kathryn.bi@davispolk.com |
| 80 State Street | |
| Albany, NY 12207 | |
| nkannan@barclaydamon.com | |
| | |
| DICELLO LEVITT LLC | |
| Greg G. Gutzler | |
| 485 Lexington Avenue | |
| New York, NY 10017 | |
| ggutzler@dicellolevitt.com | |
| | |
| Dated: January 9, 2024 | Dated: January 9, 2024 |

**SO ORDERED.**

Dated: January 11, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge

12