**Davis Polk**

Ashok Ramani
+1 650 752 2007
ashok.ramani@davispolk.com

Davis Polk & Wardwell LLP
1600 El Camino Real
Menlo Park, CA 94025
davispolk.com

July 19, 2024

Re: *SitNet LLC v. Meta Platforms, Inc.*, Case No. 23-cv-6389-AS (S.D.N.Y.)

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Your Honor:

We represent Defendant Meta Platforms in the above-referenced action. Per Your Honor's Individual Rule 11.C, we write to respectfully request that the following documents remain under seal, be refiled in redacted form, or be permitted to be filed in redacted form, for the reasons discussed below:

- Deposition Transcript of Peter Kariuki on July 11, 2024, currently on the docket as Ex. 3 to Plaintiff SitNet's Letter Motion filed on July 18, 2024 (Dkt. No. 82)[1]

- Meta's Responses and Objections to SitNet's Second Set of Interrogatories (Nos. 3-22), currently on the docket as Ex. 4 to Plaintiff SitNet's July 18, 2024 Letter Motion[2]

- Meta's Opposition to SitNet's Letter Motion

- Exhibit C to Meta's Opposition to SitNet's Letter Motion

A party may file documents under seal where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation omitted). Among those higher values, good cause exists to protect from public disclosure confidential business or commercial information. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) ("The interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption of access." (citation and quotations omitted)), *aff'd sub nom Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). Meta requests sealing or redaction of the above-listed documents to protect highly confidential business information about Meta's products, including strategic and financial information. Specifically, Meta seeks to seal Ex. 3 to Plaintiff SitNet's Letter Motion (Dkt. No. 82-3), the deposition transcript of Meta's financial analyst Peter Kariuki, and to redact discrete sections of its Opposition to SitNet's Letter Motion, and Ex. C to its Opposition, that quote from or refer to information

---

[1] SitNet filed Ex. 3 under seal and emailed a copy to Your Honor's Chambers on the morning of July 18.

[2] SitNet filed Ex. 4 on the public docket on July 18 right past midnight and without conferring with Meta as your Honor's Individual Rule 11.C.i requires. Meta notified Your Honor's Chambers yesterday morning as soon as it learned of this unauthorized public filing, and Your Honor subsequently placed this document under temporary seal.

# Davis Polk

in Ex. 3. Meta further seeks to redact certain information in Ex. 4 (Dkt. No. 82-4) that reflects the same highly confidential business information, as well as information subject to an NDA.

Good cause exists to seal these documents. If the information that Meta seeks to redact were disclosed publicly, Meta would experience financial harm and competitive disadvantage because Meta's competitors and even business partners would have access to unpublished financials and business tactics and strategies of Meta. *See Standard Inv. Chartered*, 347 F. App'x at 617 (affirming district court's decision to protect from disclosure information that could cause "significant competitive disadvantage" to the defendant); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (sealing information that would likely result in competitive harm). That information "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted); *see also Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sept. 26, 2022) (granting sealing of documents containing sensitive strategic business information). Further, the public has no cognizable interest in learning about Meta business negotiations that are subject to an NDA. For the foregoing reasons, and because Meta's proposed sealing and redactions are narrowly tailored, any public interest in gaining access to the sealed or redacted information is outweighed by the financial harm and commercial disadvantages that Meta may suffer because of the disclosure. *See Standard Inv. Chartered*, 2008 WL 199537, at *8. Therefore, **Meta respectfully requests that the Court permit Exs. 3 and 4 to be filed under seal and in redacted form, respectively, and further permits Meta to file in redacted form its Letter Motion in Opposition and Exhibit C thereto.**

As required by Your Honor's Individual Rule 11.C, we have filed herewith a copy of the redacted Letter Motion in Opposition on the public docket, and a second copy under seal with redactions highlighted. Because SitNet has filed Exs. 3 and 4, and Meta cannot make changes to SitNet's filing, Meta has filed a redacted copy of Ex. 4 as an attachment to this letter.

Respectfully yours,

Ashok Ramani

cc:    All counsel (via ECF)

**Electronic Filing**

SO ORDERED. And Dkt. 82-4 may remain under seal, while the attachment to this letter may serve as the redacted version on the public docket. The Clerk of Court is directed to close Dkt. 87.

Arun Subramanian, U.S.D.J.
Date: July 22, 2024