# BARCLAY DAMON LLP

**Douglas J. Nash**
*Partner*

August 5, 2024

**VIA CM/ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15 A
New York, New York  10007

      Re:    <u>SitNet LLC v. META Platforms, Inc.</u>, Case No. 23-cv-6389-AS

Dear Judge Subramanian:

      We represent Plaintiff SitNet LLC ("SitNet") in the above-referenced action.  Per your Honor's Individual Rule 11(C), we submit this this letter-motion in support of Meta's Motion to Seal documents related to its Motion for Summary Judgment dated July 31, 2024 (Dkt. No. 100).

## Several Items Fall Within Your Honor's Individual Rule 11(A)—"Redactions Not Requiring Court Approval"

      Your Honor's Individual Rule 11(A) allows for two categories of information to be redacted without prior permission from the Court—sensitive information and additional information described in the Court's Privacy Policy.

      "[S]ensitive information" includes residential addresses and provides only "the City and State" should be accessible on the public docket.  Several redactions[1] have been made in good faith to comply with your Honor's Rule, including the proposed redactions to Exhibit E (Igoe's Employment Agreement), p. 2, 7, 15; Exhibit F (Kravets's Proprietary Information Agreement), p. 5; Exhibit G (Kravets's Employment Offer), p. 2; Exhibit P (TPL's Asset Purchase Agreement), p. 33,66,77-78, 92.

      Additional Information set forth in the Court's Privacy Policy includes individual financial information and proprietary or trade secret information.  Several redactions have been made in good faith to comply with your Honor's Rule regarding individual financial information, including the proposed redactions to Exhibit E (Igoe's Employment Agreement), p. 3-4; Exhibit G (Kravets's Employment Offer), p. 2; Exhibit P (TPL's Asset Purchase Agreement), p. 57.

---

[1] Please note that SitNet's proposed redactions have been highlighted in blue for Exhibits E, F, G, and P, not yellow.

Barclay Damon Tower - 125 East Jefferson Street - Syracuse, New York 13202  barclaydamon.com
DNash@barclaydamon.com  Direct: (315) 425-2828  Fax: (315) 703-7364
Also Admitted in: Massachusetts

29504251.1

The Honorable Arun Subramanian
August 5, 2024
Page 2

Several additional redactions have been made to comply with your Honor's Rule regarding proprietary or trade secret information:

- Proposed redactions to Ex. I, Leonid Kravets's deposition testimony, related to confidential and proprietary information about Mr. Kravets's employment at InterDigital. *See* Ex. I (Kravets Deposition), p. 36-43. The proposed redactions pertain to testimony about his employer's methods and techniques in providing services to customers, including the company's process for conducting due diligence when acquiring a patent portfolio. *Id*.;

- Proposed redactions to Exhibit P include proprietary information related to financial terms of TPL's Asset Purchase Agreement and TPL's then ongoing contracts, clients, prospective clients, and a list of TPL's assets. *See* Exhibit P (TPL's Asset Purchase Agreement), p. 6, 29, 39-41, 46-47, 49-50, 52, 53, 61, 66. 70, 78;

- Proposed redactions to Charles Eldering's, Patrick Igoe's, and Leonid Kravets's testimony pertain to TPL's business arrangement with its client. SitNet simply redacted the identity of the client, the client's affiliates, and the nature of the work performed by TPL that is not available to the public. *See* Ex. D (Eldering Dep.), p. 26-30, 47-48, 50-55, 81-82; Ex. H (Igoe Dep.), p. 12-16, 18, 21, 23, 36, 42-43, 46; Ex. I (Kravets Dep.), p. 64-67, 74-75, 78, 81, 136-137.

The proposed redactions are specifically designed to cover only "sensitive information" and "proprietary or trade secret information" as anticipated by Your Honor's rules.

### **The Remaining Items Are Narrowly Tailored to Ensure Compliance with Confidentiality Obligations**

The remaining redactions are narrowly tailored to fulfill the obligations set forth in confidentiality provisions of various agreements. Business information protected by a confidentiality agreement, such as the information described herein, is adequate to override the presumption of public access. *See Ramirez v. Temin & Co.*, No. 20 Civ. 6258 (ER), 2020 U.S. Dist. LEXIS 216034, at *17-18 (S.D.N.Y. Nov. 18, 2020) (finding that "[t]he business information" outlined in the agreement did not, on its own, "constitute confidential trade secrets sufficient to overcome the presumption of access" but "when viewed in conjunction with the NDA and confidentially features built into the [agreement] itself, it [was] sufficiently valuable to overcome the presumption [of public access]"). "Business information" can include business processes, financial operations, office procedures, operating procedures, client operating procedures, and IT information, all which impact a company's competitive position. *Id*. at *17-*20.

The Honorable Arun Subramanian
August 5, 2024
Page 3

First, SitNet proposes limited redactions to Mr. Eldering's testimony regarding the specific financial terms of SitNet's litigation funding agreement. *See* Ex. D (Eldering Dep.) p. 3, 62-69. The litigation funding agreement contains a broad confidential provision requiring the parties not disclose the existence of the agreement except as may be required by applicable law, regulation, governmental or regulatory authority, judicial process, or court order. Per the Court's prior discovery ruling, SitNet provided the agreement to Meta as "Attorney's Eyes Only" to preserve the confidentiality of the agreement as required by the very language of the document. Although not a trade secret, the substantive financial terms of the litigation funding agreement constitutes SitNet's sensitive financial information, which is subject to the confidentiality provision built into the agreement.

Second, SitNet proposes limited redactions to Mr. Eldering's, Mr. Igoe's, and Mr. Kravets's testimony as it relates to TPL's agreement to provide services to a client, which contains a confidentiality provision requiring the client's affiliates and worked performed by TPL to remain confidential. Mr. Igoe and Mr. Kravets are bound to such provision pursuant to their respective employment agreements. *See* Ex. E (Igoe's Employment Agreement), p. 5, 9-10; Exhibit F (Kravets's Proprietary Information Agreement), p. 2.

Third, SitNet's aforementioned redactions to Exhibit P (p. 6, 29, 39-41, 46-47, 49-50, 52, 53, 61, 66. 70, 78) directly fall within the purview of the confidentiality provision of the Asset Purchase Agreement—

> Eldering agrees to hold in strictest confidence and will not disclosure…any trade secrets of TPL and Maglia. Trade secrets shall include, but not limited to, the following:
>
> (i) Customers and prospective customers;
>
> (ii) Methods and Techniques in providing services to customers; and
>
> (iii) Books and records of TPL maintained by TPL during Eldering's period of association with TPL, without limitation, names and addresses of all customers and prospective customers…
>
> (vi) Information regarding plans for research, development, new products, marketing and selling, business plans, budgets, licenses, price and costs

*See* Exhibit P (TPL's Asset Purchase Agreement), p. 84-85.

\*\*\*

SitNet respectfully requests that the Court grant Meta's motion to seal dated July 31, 2024 (Dkt. No. 100), as it contains individual's sensitive information, proprietary and confidential

The Honorable Arun Subramanian
August 5, 2024
Page 4

information belonging to TPL, and business information subject to a confidentiality agreement. The redactions are precisely targeted and align with the principle of "the presumption in favor of public access to judicial documents." *See* Rule 11(A).

Respectfully submitted,

/s/ *Douglas J. Nash*

Douglas J. Nash

The Court already granted the request at Dkt. 100. *See* Dkt. 105. The Clerk of Court is directed to close Dkt. 106.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 6, 2024

29504251.1