# BARCLAY DAMON LLP

**Douglas J. Nash**
*Partner*

August 14, 2024

**VIA CM/ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15 A
New York, New York  10007

Re:     <u>SitNet LLC v. META Platforms, Inc.</u>, Case No. 23-cv-6389-AS

Dear Judge Subramanian:

We represent Plaintiff SitNet LLC ("SitNet") in the above-referenced action.  Per your Honor's Individual Rule 11(C), we submit this this letter-motion to file under seal certain exhibits attached to SitNet's Opposition to Meta's Motion for Summary Judgment.  For the sake of clarity, the following abbreviations are used in is this letter:  (a) LCI – Landmark Communications, Inc.; (b) LME – Landmark Media Enterprises, LLC; (c) TPL – Technology Patents and Licensing, Inc.; (d) CAsE – CAsE Analysis Inc.; and (e) TWC – The Weather Channel, Inc.

## The Proposed Redactions Fall Within Your Honor's Individual Rule 11(A)—"Redactions Not Requiring Court Approval"

Your Honor's Individual Rule 11(A) allow for information described in the Court's Privacy Policy to be redacted without prior permission from the Court—this includes an individual's financial information and proprietary or trade secret information.

Several redactions have been made in good faith to comply with your Honor's Rule regarding an individual's financial information.  This includes the proposed redactions to Exhibit 6 (the Separation and Distribution Agreement), p. 90, which pertain to certain LCI employee compensation agreements.

Several additional redactions have been made to comply with your Honor's Rule regarding proprietary or trade secret information:

- Proposed redactions to Exhibit 3 (TPL's Proposal to LCI), p. 3 and 6, address confidential and proprietary, non-public information concerning TPL's pricing of services. This information could potentially be used by competitors of TPL, now known as CAsE, to gain an unfair competitive advantage;

Barclay Damon Tower - 125 East Jefferson Street - Syracuse, New York 13202  barclaydamon.com
DNash@barclaydamon.com  Direct: (315) 425-2828  Fax: (315) 703-7364
Also Admitted in: Massachusetts

29578039.1

The Honorable Arun Subramanian
August 14, 2024
Page 2

- Proposed redactions to Exhibit 5 (Conveyancing and Assumption Agreement), p. 6; Exhibit 9 (Disclosure Letter), p. 3; and Exhibit 11 (Schedules to the Separation and Distribution Agreement), p. 2, address confidential and proprietary, non-public information concerning LME's non-public business relationships and clients. This information could potentially be used by competitors of LME to gain an unfair competitive advantage;

- Proposed redactions to Exhibit 10 (Assignment of Membership Interest), p. 1, and Exhibit 12 (the License Agreement), p. 4-5, address confidential and proprietary, non-public information related to LME's and its subsidiaries. Details about a subsidiary's operations, strategies, or market position can provide insights into LME's overall business strategy. Competitors could use this information to gain an advantage or undermine the parent company's market position; and

- Proposed redactions to Exhibit 12 (TWC License Agreement), p. 6-11, address confidential and proprietary, non-public information related to the specific patent licenses conveyed to TWC. Details about specific patents and licensing terms can provide insights into a LME's technological capabilities and strategic plans. Competitors could use this information to gain an advantage or to undermine LME's business.

The proposed redactions are specifically designed to cover only "proprietary or trade secret information" as anticipated by Your Honor's rules.

### **Exhibit 7 Needs to Be Sealed to Prevent Disclosure of Proprietary Information Belonging to Non-Party LCI and LME**

SitNet seeks to file Exhibit 7 entirely under seal, as it contains LCI's and LME's confidential and proprietary financial information and tax strategies throughout. Indeed, "[i]nternal documents and unpublished drafts that contain non-public strategies and financial information constitute confidential commercial information" that warrants sealing from the public docket. *See New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 U.S. Dist. LEXIS 149327, at *7 (S.D.N.Y. Oct. 21, 2014). Exhibit 7 also contains confidential and proprietary, non-public information related to the "tax sharing agreement" between LCI, LME, and its affiliates. The information includes LCI's, LME's, and its affiliates tax returns and other non-public, sensitive financial strategies and tax planning methods. Such information constitutes "confidential commercial information" that warrants sealing from the public docket.

\*\*\*

SitNet respectfully requests that the Court grant its motion to file under seal certain exhibits attached to its Opposition to Meta's Motion for Summary Judgment, as it contains individuals' sensitive financial data and proprietary and confidential information belonging to TPL, LME and

29578039.1

The Honorable Arun Subramanian
August 14, 2024
Page 3

others.  The redactions are precisely targeted and align with the principle of "the presumption in favor of public access to judicial documents."  *See* Rule 11(A).

Respectfully submitted,

/s/ *Douglas J. Nash*

Douglas J. Nash

The motion to seal is temporarily GRANTED. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions.

The Clerk of Court is directed to terminate the motion at Dkt. 113.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: August 15, 2024

29578039.1