**Davis Polk**

Ashok Ramani
+1 650 752 2007
ashok.ramani@davispolk.com

Davis Polk & Wardwell LLP
1600 El Camino Real
Menlo Park, CA 94025
davispolk.com

September 12, 2024

Re: *SitNet LLC v. Meta Platforms, Inc.*, Case No. 23-cv-6389-AS (S.D.N.Y.)

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Your Honor:

We represent Defendant Meta Platforms in the above-referenced action. Meta writes to request that the Court stay this case pending resolution of its petitions for *inter partes* review, on which the PTAB instituted trial for all asserted claims of all asserted patents this Tuesday and Wednesday.[1] SitNet has informed Meta that it will **not oppose** Meta's stay motion, so Meta respectfully asks that the Court enter a stay promptly so that the parties can stop work on opening expert reports, which come due on September 26. Meta also respectfully requests that the Court order the parties to file a joint status report on or before September 25, 2025, which is two weeks after the PTAB's final written decisions should issue.

In case the Court would like to confirm that the stay factors favor entering a stay (they do), Meta discusses them below.

"District courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the PTAB." *Rovi Guides, Inc. v. Comcast Corp.*, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) (cleaned up). "Courts in this District consider three factors in determining whether a stay pending resolution of IPR proceedings is appropriate: (1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Id.* (internal quotation marks and citation omitted). The Court should grant Meta's motion because all three factors weigh in favor of a stay.

*First, a* stay will simplify and clarify the issues in this case. Should the PTAB find some of the asserted claims invalid, "that would limit the issues in this action significantly or moot the case entirely." *Goodman v. Samsung Elecs. Am., Inc.*, 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017). That is particularly true in this case, which involves two accused products; invalidation of claims covering even one product would greatly streamline the litigation.

*Second*, the stage of the case also weighs in favor of a stay. Significant work remains ahead: Meta expects SitNet to serve at least two expert reports, Meta will serve three, and five rebuttal reports and five expert depositions will ensue. In other words, over half of the discovery work is set to be done between now and the close of expert discovery on November 21, 2024. (Dkt. 97 ¶ 5(f).) Further, significant work lies ahead

---

[1] *See Meta Platforms, Inc. v. SitNet LLC*, IPR2024-00530, Paper 9 (instituting IPR on claims 1-16 of U.S. Patent No. 9,877,345); *id.*, IPR2024-00529, Paper 9 (instituting IPR on claims 1-20 of U.S. Patent No. 8,332,454); *id.*, IPR2024-00528, Paper 10 (instituting IPR on claims 1-11, 22, and 23 of the U.S. Patent No. 8,249,932); *id.*, IPR2024-00612, Paper 10 (instituting IPR on claims 12-21 of U.S. Patent No. 8,249,932).

**Davis Polk**

during summary judgment and pretrial briefing, as well as during trial, which will not begin until March 2025. (*Id*. ¶¶ 6, 8.) It makes little sense to proceed with asserted claims that could all fall to PTAB invalidation. *See Huawei Techs. Co. v. Samsung Elecs. Co.*, 2018 WL 1471715, at *1 (N.D. Cal. March 26, 2018) (collecting cases and finding stay was appropriate after fact discovery was closed because "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead"); *PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014 WL 116340, at *3-4 (N.D. Cal. Jan. 13, 2014) (same); *FastVDO LLC v. AT&T Mobility LLC*, 2017 WL 2323003, at *3, *7 (S.D. Cal. Jan. 23, 2017) (granting motion to stay even where "[d]iscovery is near completion, and a trial date . . . [was] less than three months away" because "the most burdensome parts of the litigation still lie ahead, including dispositive motions, Daubert motions," and trial); *SurfCast, Inc. v. Microsoft Corp.*, 2014 WL 6388489, at *1, *4 (D. Me. Nov. 14, 2014) (granting stay even after summary judgment and Daubert motions have been fully briefed where "a large volume of work remains before trial").

*Finally*, SitNet will not be unduly prejudiced by a stay. SitNet does not oppose a stay, which answers the question. Nonetheless, "[t]he question of undue prejudice or clear tactical advantage is informed by four sub-factors, including '(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties.'" *Rovi Guides*, 2017 WL 4876305 at *4 (internal quotation marks and citation omitted). All those sub-factors favor a stay. Meta filed its petitions about six months after SitNet's initial complaint, and this request for a stay two days after the PTAB issued all its institution decisions. As for the relationship of the parties, courts analyze whether the parties are competitors and whether the plaintiff seeks anything beyond monetary relief. *See id*. at *4-5; *Active Video Networks, Inc. v. Verizon Commc'ns., Inc.*, 694 F.3d 1312, 1339-41 (Fed. Cir. 2012). Here, SitNet and Meta are not competitors; SitNet acknowledges that it does not practice the patents. Courts have consistently ruled in analogous cases that "a patentee's status as a non-practicing entity, which does not manufacture or sell the products covered by the patents in suit and seeks to collect licensing fees . . . favors a stay." *See, e.g.*, *Polaris Powerled Techs., LLC v. Dell Techs. Inc.*, 2023 WL 5282381, at *4 (W.D. Tex. Aug. 15, 2023) (cleaned up); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) (finding this factor "strongly favors a stay" when plaintiff was a non-practicing entity); *Evolutionary Intelligence LLC v. Sprint Nextel Corporation Inc.*, 2014 WL 819277, at *5 (N.D. Cal. Feb. 28, 2014) (same); *see also Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010). And as an non-practicing entity, SitNet has not pled nor could it plausibly argue for a permanent injunction.

Meta respectfully requests the Court to grant its motion and stay this case pending Meta's IPR of the Patents-in-Suit. Meta respectfully requests that the Court also order the parties to file a joint status report on or before September 25, 2025.

Respectfully submitted,

*[signature]*

Ashok Ramani

cc:    All counsel (via ECF)
       **Electronic Filing**

The motion to stay is GRANTED. The parties are directed to file a joint status report on or before September 25, 2025. The pending motion for summary judgment (Dkt. 98) is DENIED without prejudice to reinstatement upon reopening of the case.

The Clerk of Court is respectfully requested to terminate the motions at Dkts. 98, 118.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Dated: September 13, 2024